WILLIAM IRIZARRY CUEBAS, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; R. BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 154. Argued December 11, 1947.—Decided December 23, 1947.

*J. Alemañy Sosa* for petitioner. *Luis Negrón Fernández, Attorney General,* and *Elmer Toro Lucchetti, Deputy Attorney General,* for intervener, respondent in the main proceeding.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

We issued the writ in this case to review the decision rendered by the Tax Court declaring itself without jurisdiction to take cognizance of the original and supplemental complaints filed by petitioner in said court. The facts, briefly outlined, are as follows:

On September 24, 1945, the Treasurer of Puerto Rico notified the petitioner of a determination of a deficiency with respect to the income tax for 1939, in the amount of $3,626.62, including interest, but no penalties whatsoever. In the notice he informed the taxpayer that the deficiency had been the result of an investigation which had disclosed bank deposits amounting to $60,684.53, of which amount, $55,948.86 had not been accounted for; that it was believed that half of this amount, that is, $27,974.43, constituted income not declared by the taxpayer and which was derived from the *"bolita"* business.

On October 15, 1945, that is, twenty-one days after the deficiency notice, the taxpayer asked the Treasurer to reconsider it and seven days later, that is, on October 22, he filed a complaint in the Tax Court attacking the deficiency of $3,626.62. Although the reconsideration was sought after the period of fifteen days provided by § 57 (*a*) of the Income Tax Act had expired, the Treasurer granted the petition and held an administrative hearing, as a result of which, on November 27, 1945, the Treasurer notified the taxpayer of a new deficiency, this time amounting to $9,368.11. In order to reach the determination of this deficiency the Treasurer considered the fact that the taxpayer had not accounted for the origin of $39,011.41 and that said amount constituted taxable income. As part of the tax he assessed a penalty for fraud which had not been originally imposed. On the margin

of the notice the Treasurer informed the taxpayer that "in case you should not agree with the decision notified you may, within the next thirty days, file a complaint in the Tax Court as provided by law." On December 26, 1945, the taxpayer filed in said court "a supplemental complaint". On December 29 the Treasurer filed a motion seeking the dismissal of the complaint on the ground that the Tax Court lacked jurisdiction because the taxpayer had not applied for the review of the deficiency notice within the period of fifteen days provided by § 57 (a) of the Income Tax Act. After studying this motion, the court granted it and dismissed the complaint on May 6, 1946. The taxpayer moved for a reconsideration and, after hearing the parties, the lower court, relying on *González Padín Co. Inc., v. Tax Court,* 66 P.R.R. 23, reconsidered its former decision of dismissal on July 9, 1946.

The Treasurer then answered the original as well as the supplemental complaint, and, upon the taxpayer asking for judgment on the pleadings, the court, on February 28, 1947, decided, *sua sponte,* that "we have no jurisdiction to take cognizance of this case—insofar as both the original and the supplemental complaints are concerned—and we set aside our decision of July 9, 1946. This means, of course, that the motion seeking judgment on the pleadings filed by petitioner is denied."

The ground on which the Tax Court based its lack of jurisdiction was, in brief, and according to its own words, the following:

"It is an unquestionable fact that what the Treasurer did by determining and sending a new deficiency based on *facts* and questions of law different from those which gave rise to the first notice, was to notify a tentative and entirely new deficiency, and before resorting to us, the taxpayer had to obtain the final administrative decision which we have so often mentioned. The failure to comply with this necessary requirement deprives us of jurisdiction to take cognizance of the case."

It applied both § 57(a) of the Income Tax Act and § 4 of Act No. 169 of 1943, which provide, as a necessary pre-

requisite for the taxpayer to appeal to the Tax Court, that the Treasurer shall have rendered a decision on the determination of any deficiency, according to the first Act mentioned, or the proper administrative decision on the part of the Treasurer according to the last mentioned Act.

We have no doubt that the conclusion reached by the Tax Court as to the facts of the case is correct. The notice which the Treasurer sent to the taxpayer on November 27, 1945, fixing a new deficiency based on facts different from those which gave rise to the first notice, did not constitute the administrative decision of the review sought by the taxpayer and the latter could have applied for the reconsideration of the second deficiency notice. However, when the Treasurer sent the second notice on November 27, 1945, he erroneously informed the taxpayer, first, that said notice was "the result of the administrative hearing" granted in answer to the review requested of the first notice of deficiency of September 24, 1945, and, second, that the notice constituted the decision referred to in § 57(a) of the Income Tax Act,[1] inasmuch as it expressly informed the taxpayer:

---

[1] Said § 57 (a), as amended by Act No. 23 of November 21, 1941, provides:

"Section 57.—(a) If, in the case of any taxpayer, the Treasurer determines that there is a deficiency in respect to the tax imposed by this title, the taxpayer, except as provided in subdivision (c), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed in the manner established in subdivision (b). Within fifteen (15) days immediately after the date of such notice, the taxpayer may apply to the Treasurer for a reconsideration of said determination of deficiency, stating in his application the grounds on which the same is based, and the Treasurer may grant him an administrative hearing before deciding the matter, or he may deny the reconsideration requested without any hearing if, in his judgment, said application is clearly unfounded. If the taxpayer does not agree with the resolution of the Treasurer with regard to any deficiency, he may, within (30) days immediately following the date on which he is notified of the resolution, file with the Court of Tax Appeals of Puerto Rico a complaint against the Treasurer, in the manner provided for in the Act creating said court; *Provided*, That (1) the resolution of the Treasurer on the determination of any deficiency, and (2) the furnishing of a bond by the taxpayer, subject to the approval of the Treasurer, for a sum of not less than three-fourths (¾) of the amount of the tax appealed, shall each and both of them be indispensable requirements to be complied with before resorting to said court, without which the latter shall not acquire jurisdiction."

"In case you should not agree with the decision notified, you may, within THIRTY (30) DAYS immediately following the date of this notice, file a complaint in the Tax Court of Puerto Rico as provided by law. In order to invoke its jurisdiction you must file bond for an amount not less than three-fourths (¾) of the tax amount object of the appeal, according to § 6 of Act No. 23, approved on November 21, 1941."[2]

So that it was the action of the Treasurer which induced the taxpayer to act as he did. It is true, as the respondent tribunal states in its opinion, that the Treasurer is not bound by law to inform a taxpayer what he has to do or the law applicable to any situation arising in his case, but the most elementary sense of justice tells us that if he does so he should not induce him to error and call an administrative decision what in point of fact is a new deficiency notice. The Tax Court itself in its opinion of July 9, 1946, reconsidering the dismissal of May 6, stated the following:

"It should be noted that, according to the proceedings followed in this case, the respondent has tripled the deficiency amount originally notified to the taxpayer without giving him an opportunity to discuss administratively everything relating to this increase.

"When in the opinion of the Treasurer the taxpayer should pay an income tax greater than that notified to him previously as a deficiency, he should do so by means of an additional notice and irrespective of the first one, in order to give the taxpayer an opportunity to defend himself by applying for an administrative hearing, if he so wishes, wherein he may raise all the questions of fact and of law which he may deem proper, including, perhaps, the expiration of the period granted to the Treasurer to assess and collect a higher tax.

"In the present case the petitioner was deprived of the opportunity to defend himself administratively of the increase made on the tax originally notified to him. What should have been sent to him as a tentative determination was notified as a final deficiency. Such a proceeding, apart from the lack of gallantry was not proper under the law. And the undesirable action of respondent is still made plainer by pleading, after having tripled the deficiency as a

---

[2] It was § 6 which amended § 57 of the Income Tax Act.

result of the administrative hearing, lack of jurisdiction to take cognizance of the case on the ground that petitioner did not apply for the administrative hearing within the fifteen (15) days granted by Section 57(a). Upon raising this jurisdictional question, the respondent does not rectify his action, but insists, without reducing the tax to be paid by the taxpayer to the amount which appeared in the first tentative deficiency, in collecting the total amount of the new notice determined after holding an administrative hearing which respondent himself alleges was granted and had out of term.''

As we said, *mutatis mutandi,* in *Mayagüez Lt. P. & I. Co.* v. *Tax Court,* 65 P.R.R. 28, 33, we cannot subscribe to such sporting theory of justice, under which the rulings of a court might be used to trap the unwary or even the wary taxpayer and deprive him of his day in court.[3]

██ We have already said that the second notice of November 27, 1945, not only contained a new deficiency based on different facts, but that for the first time the Treasurer imposed a penalty of 50 per cent of the tax because the taxpayer, ''rendered a false and fraudulent return.'' Accepting, without deciding, that the return was false or fraudulent, then, under § 61(a) of the Income Tax Act, the Treasurer can impose a tax at any time and without having to adhere to the period of seven years provided by § 60(a) (1) of the same Act. Consequently, the Treasurer, notwithstanding the time which has expired, may again notify the taxpayer of the deficiency which by mistake he notified as an administrative decision, and then the petitioner may apply for a reconsideration and the proper administrative hearing. The Treasurer is bound to do so, inasmuch as he induced the taxpayer to commit the error which deprived the lower court of jurisdiction to take cognizance of this case. The Tax Court in declaring itself without jurisdiction as to the merits of the questions involved, should have given this explanation to ensure the rights of the taxpayer. This having been done in this opinion, the decision is affirmed.

---

[3] *Cf Ballester* v. *Court of Tax Appeals,* 60 P.R.R. 749.